IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVAN C. FRAZIER, 889756,<br>Petitioner, | )<br>)<br>) | |
| v. | ) | No. 3:11-CV-588-L |
| RICK THALER, Director, TDCJ-CID,<br>Respondent. | )<br>)<br>)<br>) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Type of Case:**

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:**

Petitioner is a state prisoner, who has been released on parole. Respondent is Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID").

**Statement of the Case:**

On August 12, 1999, a jury convicted Petitioner of theft in the 40th Judicial District Court of Ellis County, Texas, in cause number 24,117-CR. On December 20, 2000, the Tenth Court of Appeals affirmed the conviction.

In this petition, Petitioner does not challenge his conviction, but instead challenges Respondent's decision to deny him release to mandatory supervised release.

On August 31, 2011, Respondent filed his answer arguing, *inter alia*, that the petition is barred by the statute of limitations. On September 15, 2011, Petitioner filed a reply, and on March 6, 2012, he filed an amended reply. The Court finds the petition is time-barred and should be dismissed.

**Discussion:**

**1.     Statute of Limitations**

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base is petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this

case. The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

On March 4, 2005, Petitioner raised his mandatory supervision claims in a state habeas petition. *See Ex parte Frazier*, No. 6,344-07. Petitioner therefore knew of his claim on that date. He then had one year, or until March 4, 2006, to file his federal petition.

A pending state habeas petition tolls the limitations period. *See* 28 U.S.C. § 2244(d)(2). Petitioner's state habeas petition therefore tolled the limitations period for 181 days, until the Court of Criminal Appeals denied the petition on August 31, 2005. Petitioner then filed three other state habeas petitions that tolled the limitations period for a total of 195 days. (No. 6,344-08, -10 and -11 filed October 14, 2005 and denied on April 26, 2006.) When the 181 and 195 day tolling periods are added to the March 4, 2006, AEDPA deadline, the new deadline became March 15, 2007.[1] Petitioner did not file his federal petition until March 16, 2011. The petition is therefore untimely.

## 2. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable

---

1. Petitioner also filed a state habeas petition on March 1, 2005. *Ex parte Frazier*, No. 6,344-12. This petition did not toll the limitations period because it was dismissed on October 18, 2006, as noncompliant. Petitioner filed another state habeas petition on September 10, 2010. *Ex parte Frazier*, No. 6,344-15. This petition was filed after the AEDPA limitations period expired.

tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because his claims have merit. Petitioner, however, has failed to show he was actively misled about the cause of action or was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 22nd day of January, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).